**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROY WARDEN,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>RICHARD MIRANDA, individually and in his official capacity as Tucson City Manager; et al.,<br><br>Defendants-Appellees. | No.    17-16640<br><br>D.C. No. 4:14-cv-02050-DCB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted February 7, 2019[**]
Phoenix, Arizona

Before:  HAWKINS, M. SMITH, and HURWITZ, Circuit Judges.

Denied entry into an area of a public park that was reserved by permit for an

immigrant workers' rights rally, Roy Warden ("Warden") sued the City of Tucson and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

several city employees (the "City Defendants"), as well as the permittee, claiming violations of the First Amendment. The district court granted summary judgment to the defendants. We have jurisdiction over Warden's appeal pursuant to 28 U.S.C. § 1291. We review *de novo*, *Dietrich v. John Ascuaga's Nugget*, 548 F.3d 892, 896 (9th Cir. 2008), and affirm.

1. Even if the City Defendants' exclusion of Warden from the area was content based, it did not violate Warden's First Amendment right to free speech. By seeking to spread his discordant message from within the permitted area reserved for the rally, Warden "in effect sought inclusion in the [permittee's] expressive activity itself." *Sistrunk v. City of Strongsville*, 99 F.3d 194, 200 (6th Cir. 1996). Because the First Amendment protects the "autonomy to control one's own speech," the City Defendants' enforcement of Warden's exclusion from the permitted area was constitutional. *See Hurley v. Irish-American Gay, Lesbian and Bixexual Grp. of Boston*, 515 U.S. 557, 573–75 (1995).[1]

2. The scheduling conference did not violate Warden's Due Process rights. Warden was not entitled to a scheduling conference that was open to the public, on-the-record, or conducted by a judge for purposes beyond setting dates and deadlines.

---

[1] Warden therefore lacks standing to bring a facial challenge to Tucson City Code 21-3(7)(4), as invalidation of the ordinance would not redress his injuries. *See Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 891 (9th Cir. 2007).

*See* Fed. R. Civ. P 16(b); Fed. R. Civ. P. 16 advisory committee's note ("[W]hen no formal conference is held, the court may obtain scheduling information by telephone, mail, or otherwise.").

3. Warden's request for reassignment to a different district judge on remand is denied as moot.

**AFFIRMED.**